UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CYNTHIA KAPPENMAN COHEN,<br><br>                            Plaintiff,<br>  vs.<br>CLARK COUNTY SCHOOL DISTRICT, et al.,<br><br>                           Defendants. | CASE NO. 11-CV-1619-MLH-RJJ<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR DECISION** |

On April 18, 2012, Plaintiff Cynthia Kappenman Cohen, proceeding pro se, filed a "motion for decision." (Doc. No. 23.) On May 3, 2012, Defendants filed an opposition to the motion. (Doc. No. 31.) The Court has carefully reviewed the record and concludes that there is no basis for recusal of the district judge assigned to the case pursuant to 28 U.S.C. § 292(b).

///
///
///
///
///
///
///
///

- 1 -

**Background**

This lawsuit is Plaintiff's third lawsuit against the Clark County School District (the "School District").[1] (Doc. No. 7 at 13.) After recusal of the originally assigned district judge, this case was reassigned to this Court by Chief Judge Kozinski pursuant to 28 U.S.C. § 292(b). (Doc. Nos. 8, 13.) Plaintiff requests the Court to review the record to ensure that the district judge has no conflicts of interest. (Doc. No. 23 at 6.) Plaintiff also seeks disqualification of Magistrate Judges Carl. W. Hoffman and Robert J. Johnston based on alleged conflicts of interest. (Id. at 3-5.)

**I. Legal Standard for Disqualification**

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Subsection (b)(1) further provides that recusal is required where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).[2] "[I]n the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008). However, judges "are as bound to recuse [themselves] when the law and facts require as [they] are to hear cases when there is no reasonable factual basis for [their] recusal." Id.

"A judge shall disqualify himself or herself in a proceeding in which . . . the judge . . . is a party to the proceeding." Code of Judicial Conduct for United States Judges Canon 3C(1)(d)(i). If a judicial colleague of the assigned judge is a named defendant in a case, the assigned judge need not automatically recuse from the case; instead, whether the assigned

---

[1] Plaintiff's two previous suits are Kappenman v. Clark County School District, Case No. 2:99-cv-1059-RLH-PAL (settled in 2003), and Kappenman v. Clark County School District, Case No. 2:07-cv-0890-RLH-PAL (settled in 2008). (Doc. No. 7 at 2.)

[2] Additional provisions governing recusal of judges are set forth in 28 U.S.C. § 144. Section 144 requires the moving party to file an affidavit stating the facts and reasons for the party's belief that bias or prejudice exists. 28 U.S.C. § 144. Because such an affidavit has not been filed, the Court conducts its inquiry under section 455. See United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980) ("Although the substantive test for bias or prejudice is identical in sections 144 and 455, the procedural requirements of the two sections are different.").

1. judge may oversee the case depends upon the unique facts and circumstances of the case. Id.
2. at Canon 3(C)(1); see also "Committee on Codes of Conduct Advisory Opinion No. 103,"
3. Guide to Judicial Policy, Vol. 2B, Ch. 2., p. 103-2 ("If . . . an assigned judge's judicial
4. colleagues – but not the assigned judge – is named as a defendant in a civil action, the assigned
5. judge need not automatically recuse from the case."). In analyzing a disqualification motion,
6. the court employs an objective test: "whether a reasonable person with knowledge of all the
7. facts would conclude that the judge's impartiality might reasonably be questioned." Clemens
8. v. United States Dist. Court, 428 F.3d 1175, 1178 (9th Cir. 2005) (quoting Herrington v. Cnty
9. of Sonoma, 834 F.2d 1488, 1502 (9th Cir. 1988)). A judge need not recuse himself based on
10. a party's mere "speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar
11. non-factual matters." Id. at 1178-79.

12. **II. The District Judge**

13. Plaintiff requests that the Court "review the record or like involved to make sure Judge
14. Huff has no '*conflicts of interest*.'" (Doc. No. 31 at 6) (emphasis in original). The Court has
15. carefully reviewed Plaintiff's complaint and the pending motion. The Court concludes that
16. there is no basis to reasonably question the district judge's impartiality. See Clemens, 428
17. F.3d at 1178 ("Section 455(a) asks whether a reasonable person perceives a significant risk that
18. the judge will resolve the case on a basis other than the merits."). The record does not contain
19. any specific factual allegation that would reasonably question the district judge's impartiality.
20. See Holland, 519 F.3d at 912 (stating that judges are bound "to hear cases when there is no
21. reasonable factual basis for [their] recusal"). Accordingly, the Court concludes that there is
22. no basis for recusal of the district judge assigned to this case. Id. ("[I]n the absence of a
23. legitimate reason to recuse himself, a judge should participate in cases assigned.")

24. **III. Magistrate Judge Carl. W. Hoffman**

25. Before his appointment to magistrate judge for the District of Nevada, Judge Carl W.
26. Hoffman served as general counsel for the School District. (Doc. No. 7 at 4.) During his
27. tenure as general counsel, he was involved in settlement conferences with Plaintiff concerning
28. her two previous lawsuits against the School District. (Id.) Judge Hoffman also served as a

mediator between Plaintiff and the School District. (Doc. No. 10 at 26-27.) Judge Hoffman is a defendant in this case. (Doc. No. 7 at 2.) Plaintiff raises a concern that Judge Hoffman's obligations as a magistrate judge conflict with his interest in resolving this case. (Doc. No. 10 at 3-4.)

A district judge from outside of the District of Nevada has been assigned to preside over all dispositive actions in this case. Importantly, Magistrate Judge Hoffman does not preside over this case. See Code of Judicial Conduct Canon 3C(1)(d)(i). Instead, this case has been assigned to Magistrate Judge Johnston. See Guide to Judicial Policy at 103-2 ("If . . . an assigned judge's judicial colleagues – but not the assigned judge – is named as a defendant in a civil action, the assigned judge need not automatically recuse from the case."). Because Judge Hoffman has not been assigned to this case in any capacity for the District of Nevada, Magistrate Judge Hoffman need not recuse from the case. As a defendant, Magistrate Judge Hoffman may undertake reasonable steps to defend himself, including communicating with his counsel. At the same time, the Court orders that Magistrate Judge Hoffman may not have any judicial involvement in this case.

**IV. Magistrate Judge Robert J. Johnston**

Plaintiff alleges that Magistrate Judge Johnston's interests are conflicted in this case because he has met and worked with administrators from the School District "tied to extra activities and the like." (Doc. No. 23 at 5.) Plaintiff further raises "a religious issue tied to [Judge Johnston's] relationship to the LDS church." (Id.) Plaintiff also asserts that Magistrate Judge Johnston and Magistrate Judge Hoffman are personally involved in this case, and that Magistrate Judge Johnston should therefore recuse himself from these proceedings. (Id.)

The Court recognizes that the initial decision whether or not the appointed magistrate judge will continue to sit in this case rests with Magistrate Judge Johnston. See 28 U.S.C. § 455(a) ("Any . . . magistrate judge of the United States shall disqualify *himself* in any proceeding in which his impartiality might reasonably be questioned.") (emphasis added); see also In re Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994) ("Section 455 clearly
///

1 contemplates that decisions with respect to disqualification should be made by the judge sitting
2 in the case, and not by another judge.") (internal quotations omitted).

### Conclusion

After carefully reviewing the record, the Court concludes that there is no significant risk that the district judge will resolve this case on a basis other than the merits. See Clemens, 428 F.3d at 1178. In addition, the Court orders that Magistrate Judge Hoffman may not have any judicial involvement in this case. Finally, the Court refers the motion to Magistrate Judge Johnston for a decision on his recusal within thirty (30) days.

**IT IS SO ORDERED.**

DATED: June 7, 2012

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT