1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10

11   CYNTHIA KAPPENMAN COHEN,          CASE NO. 11-CV-1619-MLH-RJJ

12                          Plaintiff,   **ORDER:**

13                                       **(1) GRANTING DEFENDANTS'
                                         MOTION TO DISMISS PLAINTIFF'S**
14                                       **CLAIMS FOR GENDER BASED
                                         DISCRIMINATION AND**
15        vs.                            **INTENTIONAL/NEGLIGENT
                                         INFLICTION OF EMOTIONAL**
16                                       **DISTRESS;**

17                                       **(2) GRANTING DEFENDANTS'
                                         MOTION TO DISMISS**
18                                       **DEFENDANTS BROCKOVICH,
     CLARK COUNTY SCHOOL DISTRICT,       GARIS, LOUTHAN, RICHARDS,**
19   et al.,                             **SPRINGER, ARGUELLO AND
                                         HOFFMAN; AND**
20                          Defendants.
                                         **(3) GRANTING PLAINTIFF THIRTY**
21                                       **(30) DAYS TO FILE AN AMENDED
                                         COMPLAINT**
22

23           On January 19, 2012, Plaintiff Cynthia Kappenman Cohen, proceeding pro se, filed an

24   amended complaint alleging four causes of action against Defendants:  (1) gender based

25   discrimination and (2) retaliation in violation of Title VII of the Civil Rights Act, (3)

26   intentional infliction of emotional distress, and (4) negligent infliction of emotional distress.

27   (Doc. No. 7 at 30-36.)  On February 9, 2012, Defendants Nick Brockovich, Bill Garis, Bill

28   Hoffman, Sherri Louthan, Gina Richards, Faron Springer, and Clark County School District

11cv1619

1    filed a motion to dismiss Plaintiff's claims for gender based discrimination and
2    intentional/negligent infliction of emotional distress.  (Doc. No. 10.)  On March 7, 2012,
3    Defendant Richard Arguello filed a separate motion to dismiss.  (Doc. No. 17.)  On April 18,
4    2012, Plaintiff filed an opposition to the motion to dismiss.  (Doc. Nos. 25, 26.)  On April 30,
5    2012, Defendants filed a reply.  (Doc. No. 28.)

6            On June 18, 2012, the Court submitted the motion on the parties' papers pursuant to
7    Local Rule 78-2.  For the following reasons, the Court grants Defendants' motion to dismiss
8    Plaintiff's claims for gender based discrimination, intentional infliction of emotional distress,
9    and negligent infliction of emotional distress.  In addition, the Court grants Plaintiff thirty (30)
10   days leave to file an amended complaint that corrects the deficiencies noted in this Order.
11   Upon further motion by Plaintiff requesting an additional extension of time, and upon a
12   showing of good cause, the Court may grant Plaintiff an additional thirty (30) days to file an
13   amended complaint due to her scheduled procedure.

14           Defendants did not move to dismiss Plaintiff's retaliation claim.  Therefore, Plaintiff's
15   retaliation claim remains pending against Defendants.  Because individual defendants cannot
16   be liable for Title VII claims, Plaintiff should re-plead her retaliation claim against the Clark
17   County School District ("the District") if she files an amended complaint.  See Holly D. v. Cal.
18   Inst. of Tech., 339 F.3d 1158, 1179 (9th Cir. 2003) ("We have consistently held that Title VII
19   does not provide a cause of action for damages against supervisors or fellow employees.");
20   Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir. 1993) ("[I]ndividual defendants
21   cannot be held liable for damages under Title VII.").

22                                      **Background**

23           Plaintiff is currently employed as a teacher by the District.  (Doc. No. 7 at 13.)  Plaintiff
24   previously held an administrative position as a dean of students for the District.  (Id. at 2.)
25   Plaintiff asserts that she earned her administrative position in connection with a settlement
26   ///

27   ///

28   ///

agreement concerning two previous lawsuits that she filed against the District.[1] (Id.) Plaintiff contends that she was removed from her administrative position because Defendants discriminated against her based on her gender and because Defendants retaliated against her for filing her two previous lawsuits.  (Id.)  In this case, Plaintiff brings four causes of action against Defendants: (1) gender based discrimination and (2) retaliation in violation of Title VII of the Civil Rights Act, (3) intentional infliction of emotional distress, and (4) negligent infliction of emotional distress.

Defendants collectively seek to dismiss Plaintiff's claims for gender based discrimination, intentional infliction of emotional distress, and negligent infliction of emotional distress for failure to state a claim for relief.  Additionally, Defendant Arguello seeks to be dismissed based on improper service.  Plaintiff opposes Defendants' motion to dismiss.

## I. Legal Standard for a Motion to Dismiss

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  The pleading must contain a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  This requirement functions to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. "All allegations of material fact are taken as true and construed in the light most favorable to plaintiffs.  Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see Twombly, 550 U.S. at 555.  "To survive a motion to dismiss,

_____

[1] Plaintiff's two previous suits are Kappenman v. Clark County School District, Case No. 2:99-cv-1059-RLH-PAL (settled in 2003), and Kappenman v. Clark County School District, Case No. 2:07-cv-0890-RLH-PAL (settled in 2008).  (Doc. No. 7 at 2.)

1    a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief

2    that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009).

3        A pro se plaintiff is held to a less stringent pleading standard than represented parties.

4    Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (citing Haines v. Kerner, 404 U.S. 519,

5    520-21). "Dismissal of a pro se complaint without leave to amend is proper only if it is

6    absolutely clear that the deficiencies of the complaint could not be cured by amendment."

7    Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting Schucker v. Rockwood,

8    846 F.2d 1202, 1203-04 (9th Cir. 1988)). "A district court may deny a plaintiff leave to amend

9    if it determines that 'allegation of other facts consistent with the challenged pleading could not

10    possibly cure the deficiency.'" Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir.

11    2010) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th

12    Cir. 1986)).

13        "Generally, a district court may not consider any material beyond the pleadings in ruling

14    on a Rule 12(b)(6) motion." Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d

15    1542, 1555 n. 19 (9th Cir. 1990). The court may, however, consider the contents of documents

16    specifically referred to and incorporated into the complaint. Branch v. Tunnell, 14 F.3d 449,

17    454 (9th Cir. 1994) overruled on other grounds by Galbraith v. County of Santa Clara, 307

18    F.3d 1119, 1127 (9th Cir. 2002).

19    **II. Plaintiff's First Cause of Action for Gender Based Discrimination**

20        Plaintiff's first cause of action is for gender based discrimination under the hostile work

21    environment protections of Title VII, 42 U.S.C. § 2000(e). (Doc. No. 7 at 30-32.) Defendants

22    move to dismiss the first cause of action because (1) Plaintiff's claim allegedly fails as a matter

23    of law, and (2) Plaintiff allegedly failed to exhaust available administrative remedies.

24    ///

25    ///

26    ///

27    ///

28    ///

**A.  Analysis of Plaintiff's Gender Based Discrimination Claim**

Under Title VII, it is unlawful for an employer "to discriminate against any individual with respect to [their] compensation, terms, conditions, or privileges of employment, because of . . . sex." 42 U.S.C. § 2000e-2(a)(1).  Harassment in the form of a hostile work environment constitutes sex discrimination.  Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 64 (1986).  To prevail on a hostile environment claim, a plaintiff must establish a "pattern of ongoing and persistent harassment severe enough to alter the conditions of employment." Draper v. Coeur Rochester, Inc., 147 F.3d 1104, 1108 (9th Cir. 1998) (citing Meritor, 477 U.S. at 66-67)).  To satisfy this requirement, a plaintiff must show that the workplace was "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the [plaintiff] in fact did perceive to be so." Faragher v. City of Boca Raton, 524 U.S. 775, 787 (1998).  In addition, the plaintiff must show that the harassment took place "because of sex." Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998).

The Amended Complaint contains a conclusory statement that Defendants' gender based discrimination was "sufficiently pervasive and severe so as to create a hostile work environment in violation of Title VII." (Doc. No. 7 at 30.)  But the Amended Complaint does not allege facts that would support discrimination based on Plaintiff's gender.  See Oncale, 523 U.S. at 81 (providing that a plaintiff "must always prove that the conduct at issue . . . actually constituted discrimination because of sex") (internal quotations omitted).  Instead, the Amended Complaint alleges that Defendants' discrimination was "motivated by Plaintiff's lawsuits against Defendant." (Doc. No. 7 at 31.)  Because the Amended Complaint does not allege any facts showing that Plaintiff received unfavorable treatment from Defendants because of her gender, the Court concludes that the Amended Complaint does not contain sufficient factual matter to state a claim for relief based on gender discrimination.  Iqbal, 129 S.Ct. at 1950.  Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's gender based discrimination claim without prejudice.

///

///

1    In addition, the Court grants Plaintiff thirty (30) days leave to amend the complaint to

2    include factual content showing that Defendants discriminated against her based on her gender.

3    Plaintiff's amended complaint should allege facts that would allow a reasonable person to find

4    that Defendants' gender based behavior created a hostile and/or abusive workplace.  See

5    Faragher, 524 U.S. at 787 (providing that a plaintiff must show the workplace was "both

6    objectively and subjectively offensive, one that a reasonable person would find hostile or

7    abusive, and one that the [plaintiff] in fact did perceive to be so").

8    Moreover, individual defendants are not proper defendants under a Title VII claim.

9    Holly D., 339 F.3d at 1179 ("We have consistently held that Title VII does not provide a cause

10   of action for damages against supervisors or fellow employees."); Miller, 991 F.2d at 587-88

11   ("[I]ndividual defendants cannot be held liable for damages under Title VII.").  Therefore, if

12   Plaintiff files an amended complaint, she should not assert a Title VII gender based

13   discrimination claim against individual defendants.

14   **B.  Analysis of Whether Administrative Remedies Were Exhausted**

15   Before a plaintiff may bring a civil action under Title VII, the plaintiff must first

16   exhaust their available administrative remedies by filing a timely discrimination charge with

17   the Equal Employment Opportunity Commission (EEOC) or appropriate state agency.  42

18   U.S.C. § 2000e-5; Lyons v. England, 307 F.3d 1092, 1103 (9th Cir. 2002); B.K.B. v. Maui

19   Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002).  A federal court may adjudicate claims not

20   explicitly raised in the EEOC complaint if the claim is like or reasonably related to the

21   allegations contained in the EEOC charge.  B.K.B., 276 F.3d at 1100; Oubichon v. N. Am.

22   Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973).  To determine if an allegation is reasonably

23   related "the court inquires whether the original EEOC investigation would have encompassed

24   the additional charges."  Green v. Los Angeles County Superintendent of Sch., 883 F.2d 1472,

25   1476 (9th Cir. 1989).

26   Defendants argue that Plaintiff did not exhaust the available administrative remedies

27   for her gender based discrimination claim before she filed this lawsuit.  In response, Plaintiff

28   asserts that the initial and amended EEOC forms that she filed with the Nevada Equal Rights

1   Commission (NERC) satisfy the exhaustion requirement.  (Doc. No. 10 at 15-19, EEOC

2   Forms, Agency Charge Nos. 0923-09-0504L and 34B-2009-01548C.)

3       The initial EEOC form, as filed on September 17, 2009, contains a single charge of

4   discrimination based on retaliation. (Doc. No. 10 at 15-16, EEOC Form 5, Agency Charge No.

5   0923-09-0504L.) Specifically, the initial EEOC form states: "Respondent is retaliating against

6   me because I filed a previous charge of discrimination against them."  (Id.)  On July 7, 2012,

7   Plaintiff filed an amended EEOC form that also alleges a single charge of discrimination based

8   on retaliation.  (Doc. No. 10 at 18-19, EEOC Form 5, Agency Charge No. 34B-2009-01548C.)

9   Like the initial EEOC form, the amended EEOC form is solely directed to Plaintiff's retaliation

10  claim.  Importantly, the EEOC forms do not indicate that Plaintiff experienced harassment or

11  discrimination based on her gender.  Instead, the EEOC forms only address the District's

12  allegedly retaliative actions against Plaintiff because she had filed previous lawsuits against

13  the District.

14      After reviewing the record, the Court concludes that Plaintiff has not plead facts to

15  show that she exhausted her administrative remedies for her gender based discrimination claim.

16  Neither the Amended Complaint nor the EEOC forms indicate that Plaintiff filed a gender

17  based discrimination charge with the EEOC or NERC.  In particular, the EEOC forms do not

18  allege that Plaintiff received unfavorable treatment because of her gender.  Therefore, the

19  Court concludes that Plaintiff has not plead facts showing that she exhausted her administrative

20  remedies for her gender based discrimination claim.  Lyons, 307 F.3d at 1103

21  ("To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her

22  administrative remedies before seeking adjudication of a Title VII claim.").

23      Furthermore, Plaintiff has not alleged that her gender based claim is like or reasonably

24  related to the retaliation charges in her EEOC forms.  The Court notes that Plaintiff's two other

25  cases against the District contain an allegation that she received unfavorable treatment because

26  of her gender.  (Kappenman, Case No. 2:99-cv-1059-RLH-PAL, Doc. No. 1;  Kappenman,

27  Case No. 2:07-cv-0890-RLH-PAL, Doc. No. 1.)  But Plaintiff has not alleged any facts to

28  show that the history of her prior two cases would cause her present claim for gender based

discrimination to be reasonably related to her present claim for retaliation.  For example, Plaintiff has not argued that a reasonably thorough investigation by Defendants into her present retaliation claim would have encompassed the gender based claims in her previous lawsuits against the District.  See Green, 883 F.2d at 1476 (explaining that an allegation is reasonably related if "the original EEOC investigation would have encompassed the additional charges").  Therefore, the Court concludes that Plaintiff has not plead facts showing that her gender based claim is like or reasonably related to her retaliation claim.  As a result, the Court grants Defendants' motion to dismiss Plaintiff's claim for gender based discrimination without prejudice.  See Lyons, 307 at 1104 ("Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge.").

The Court grants Plaintiff thirty (30) days leave to amend the complaint.  The amended complaint should contain factual allegations sufficient to establish that her claim for gender based discrimination was either administratively exhausted or reasonably related to her retaliation claim.  Lyons, 307 F.3d at 1103; B.K.B., 276 F.3d at 1100.  Additionally, if Plaintiff files an amended complaint, she should not assert a Title VII gender based discrimination claim against individual defendants.  Holly D., 339 F.3d at 1179; Miller, 991 F.2d at 587-88.

**III.  Analysis of Intentional and Negligent Infliction of Emotional Distress Claims**

Defendants move to dismiss Plaintiff's claims for intentional and negligent infliction of emotional distress for failure to state a claim for relief.

**A.  Intentional Infliction of Emotional Distress**

The Nevada Industrial Insurance Act ("NIIA") provides the exclusive remedy "for an employee on account of an injury by accident sustained arising out of and in the course of the employment."  Nev. Rev. Stat. § 616A.020(1).  The Nevada Supreme Court has "recognized that employers do not enjoy immunity, under the exclusive remedy provision of the workers' compensation statutes, from liability for their intentional torts."  Conway v. Circus Circus Casinos, Inc., 116 Nev. 870, 875 (2000) (quoting Advanced Countertop Design v. Dist. Ct., 115 Nev. 268, 270 (1999)).  "Simply labeling an employer's conduct as intentional . . . will not

1   subject the employer to liability outside of workers' compensation." Id.  An employee must

2   plead facts that establish the employer's deliberate intent to bring about an injury to the

3   employee in order to state an intentional tort claim.  Fanders v. Riverside Resort & Casino,

4   Inc., 245 P.3d 1159, 1163 (2010); Conway, 116 Nev. at 875 ("A bare allegation is not enough.

5   An employee must provide facts in his or her complaint which show the deliberate intent to

6   bring about the injury.").

7        A claim for intentional infliction of emotional distress requires a showing of:  (1)

8   extreme and outrageous conduct by the defendant with the intention of, or reckless disregard

9   for, causing emotional distress, (2) that plaintiff actually suffered severe or extreme emotional

10  distress, and (3) actual or proximate cause.  Barmettler v. Reno Air, Inc., 114 Nev. 441, 447

11  (1998).  Extreme and outrageous conduct is action that is "outside all possible bounds of

12  decency" and is regarded as "utterly intolerable in a civilized community."  Maduike v.

13  Agency Rent-A-Car, 114 Nev. 1, 4 (1998).

14       The Amended Complaint does not allege facts showing extreme or outrageous behavior

15  by Defendants.  For example, Plaintiff indicates that Defendants Springer and Arguello orally

16  reprimanded her for safety issues concerning a school bus. (Id. at 15.) Plaintiff also complains

17  of an investigation into whether she used profane language during a telephone call. (Id. at 16.)

18  The Amended Complaint further states that a report from students led to an investigation into

19  whether Plaintiff acted inappropriately, unprofessionally, and/or derogatorily towards students.

20  (Id. at 18-19.)  Plaintiff describes numerous performance evaluations that she received from

21  Defendant Arguello, with each evaluation rating her "culture of learning" as unsatisfactory.

22  The unsatisfactory ratings were based on specific instances of alleged use of inappropriate

23  language during a telephone call (id. at 17-18), inappropriate touching that was unprofessional

24  and/or derogatory towards students (id. at 18-19), inappropriate searching of a student's person

25  for a cellular phone (id. at 21-22), inappropriate use of language in the presence of students (id.

26  at 23-24), inappropriately reprimanding a campus security monitor in front of staff and

27  students (id. at 25), and permitting students to write inside of student discipline folders (id. at

28  ///

26). Plaintiff states that she ultimately received a notice of non-reemployment based on the foregoing instances of alleged misconduct and unsatisfactory evaluations.  (Id. at 27-29.)

Each of the Defendants' actions described in the Amended Complaint are a part of personnel management activity.  See e.g., Welder v. Univ. S. Nevada, Case No. 2:10-CV-01811(LRH), 2011 WL 2491057 at *4 (D. Nev. June 21, 2011) ("Personnel management consists of such actions as hiring and firing, project assignments, promotion and demotions, performance evaluations and other similar acts.").  "[P]ersonnel management activity is insufficient to support a claim of intentional infliction of emotional distress." Id.  Therefore, the Court determines that the actions described in the Amended Complaint are insufficient to support Plaintiff's claim for intentional infliction of emotional distress.  As a result, the Court concludes that the Amended Complaint does not state a claim for relief for intentional infliction of emotional distress because the investigations and evaluations conducted by Defendants do not rise to the level of extreme and outrageous conduct. See Maduike, 114 Nev. at 4.  Accordingly, the Court grants Defendants' motion to dismiss the Plaintiff's claim for intentional infliction of emotional distress without prejudice.  The Court grants Plaintiff thirty (30) days leave to amend the complaint to include factual content showing that Defendants' conduct was extreme and outrageous, and intentionally caused Plaintiff to suffer severe emotional distress.  See Barmettler, 114 Nev. at 447.

**B.  Negligent Infliction of Emotional Distress**

Nevada's worker's compensation system provides the sole remedy for an employee's claim based on allegedly negligent conduct by an employer.  Fanders, 245 P.3d at 1164 n. 3; Conway, 116 Nev. at 875.   A claim for negligent infliction of emotional distress is therefore preempted by Nevada's workers' compensation statute.  Id.

Plaintiff brings a cause of action for negligent infliction of emotional distress against Defendants.  The Amended Complaint alleges that Plaintiff suffered "severe and/or extreme distress" that gave rise "to physical manifestation of injury."  (Doc. No. 7 at 36.)  But Plaintiff's claim for negligent infliction of emotional distress is preempted by Nevada's workers' compensation statute.  Fanders, 245 P.3d at 1164 n. 3 ("Because [plaintiff's]

1  negligence claims alleged negligent conduct, they would be covered by the NIIA, which would

2  be [her] sole remedy as to those claims.").  Therefore, Plaintiff's exclusive remedy for her

3  negligent infliction of emotional distress claim is provided by the workers' compensation

4  system.  Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's cause of

5  action for negligent infliction of emotional distress with prejudice.

6  **IV.  Dismissal of Individual Defendants Nick Brockovich, Bill Garis, Sherri Louthan,**

7  **Gina Richards, Faron Springer, and Richard Arguello**

8  Plaintiff brought suit against a number of individual Defendants:  Nick Brockovich, Bill

9  Garis, Sherri Louthan, Gina Richards, Faron Springer, and Richard Arguello.  (Doc. No. 7 at

10  1.)  Individual defendants are not proper defendants under a Title VII claim.  Holly D., 339

11  F.3d at 1179 ("We have consistently held that Title VII does not provide a cause of action for

12  damages against supervisors or fellow employees."); Miller, 991 F.2d at 587-88 ("[I]ndividual

13  defendants cannot be held liable for damages under Title VII.").  Plaintiff's sole remaining

14  claim for retaliation is brought under Title VII.  Therefore, the Court dismisses Defendants

15  Brockovich, Garis, Louthan, Richards, Springer, and Arguello from Plaintiff's Title VII claims

16  with prejudice.

17  **V.  Dismissal of Defendant Hoffman**

18  Under Ninth Circuit precedent, a government attorney is immune from damage liability

19  for performing acts associated with civil litigation.  Fry v. Melarango, 939 F.2d 832, 837 (9th

20  Cir. 1991) ("Whether the government attorney is representing the plaintiff or the defendant,

21  or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is

22  'necessary to assure that . . . advocates . . . can perform their respective functions without

23  harassment or intimidation.") (quoting Butz v. Economou, 438 U.S. 478, 512 (1978)).  In

24  addition, the Ninth Circuit determined that "arbitrators are immune from civil liability for acts

25  within their jurisdiction arising out of their arbitral functions in contractually agreed upon

26  arbitration hearings." Wasyl, Inc. v. First Boston Corp., 813 F.2d 1579, 1582 (9th Cir. 1987).

27  A district court must follow the binding precedent of its appellate court.  In re Osborne, 76

28  F.3d 306, 309 (9th Cir. 1996).

1    Defendant Carl W. ("Bill") Hoffman, Jr. was formerly general counsel for the District.
2    (Doc. No. 7 at 4.)  During his tenure as general counsel for the District, Defendant Hoffman
3    was involved in settlement conferences with Plaintiff in her two previous cases against the
4    District.  (Id.)  Defendant Hoffman is no longer employed by the District; he is currently
5    employed as a magistrate judge within the Nevada federal district court.  As the District's
6    general counsel, Defendant Hoffman represented the District's interests in Plaintiff's two
7    previous suits that settled in 2003 and 2008.  (Doc. No. 7 at 4.)  Under Fry, Defendant
8    Hoffman is immune from liability for representing the District in the two previous suits.  Fry,
9    939 F.2d at 837.

10   In 2010, Defendant Hoffman served as a mediator between the District and Plaintiff
11   in a non-binding Step 2 grievance process in accordance with the collective bargaining
12   agreement between the District and the association of school administrators.  (Doc. Nos. 7 at
13   6-7; 10 at 26-27.)  A Step 2 hearing is a preliminary, non-binding union grievance mechanism.
14   (Doc. No. 10 at 26, "Negotiation Agreement between the Clark County School District and the
15   Clark County Association of School Administrators and Professional-technical Employees.")
16   Mediators are immune from civil liability for acts within their jurisdiction arising out of their
17   mediation functions in contractually agreed upon mediation hearings.  Wasyl, 813 F.2d at
18   1582.  Therefore, Defendant Hoffman is immune from civil liability for acting as a mediator
19   between the District and Plaintiff under Wasyl.  Accordingly, the Court concludes that
20   Defendant Hoffman is immune from liability in this action under binding Ninth Circuit
21   precedent established in Fry and Wasyl.  Fry, 939 F.2d at 837; Wasyl, 813 F.2d at 1582.
22   Defendant Hoffman is also immune from liability for Plaintiff's sole remaining claim for
23   retaliation.  Holly D., 339 F.3d at 1179; Miller, 991 F.2d at 587-88.  As a result, the Court
24   dismisses Defendant Hoffman Plaintiff's Tile VII claims with prejudice.
25   ///
26   ///
27   ///
28   ///

11cv1619

## VI.  Motion to Dismiss for Improper Service

Federal Rule of Civil Procedure 4 provides that the plaintiff is responsible for serving a copy of the summons and complaint upon the defendant.  Fed. R. Civ. P. 4.  An individual defendant may be personally served with a copy of the summons and complaint, or a copy of each may be left with a person of suitable age at the individual's residence, or a copy of each may be delivered to an authorized agent.  Fed. R. Civ P. 4(e)(2).[2]  A court's jurisdiction over a defendant is acquired through proper service of process.  SEC v. Ross, 504 F.3d 1130, 1138 (9th Cir. 2008) (stating that "service of process is the means by which a court asserts its jurisdiction over the person"); see also Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.").

A defendant may bring a motion to dismiss based on insufficient service of process.  Fed. R. Civ. P. 12(b)(5).  When a defendant challenges the sufficiency of service of process, the plaintiff bears the burden of establishing valid service.  Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004) ("Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4.").  Generally, if proper service did not occur, a court may quash service and require plaintiff to effectuate proper service.  S.J. v. Issaquah School Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006) (stating "the district court has discretion to dismiss an action or to quash service") (citing Stevens v. Security Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976)).

Defendant Arguello challenges the sufficiency of Plaintiff's service of process.  Mr. Arguello states that someone came to his residence on February 25, 2012 and left papers on his porch while his wife was home.  (Doc. No. 17, Ex. 1., Affidavit of Mr. Arguello.)  Mr. Arguello states that his wife did not accept the papers and that he did not pick up the papers or see the papers.  (Id.)  Mr. Arguello states that there were no papers on his porch when he

---

[2] Federal Rule 4 also allows for service that complies with state law.  Fed. R. Civ. P. 4(e)(1).  Nevada's service requirements for an individual mirror Federal Rule 4(e)(2).  See Nev. R. Civ. P. 4(d)(6).

1    left his residence on February 27, 2012. (Id.)  Mr. Arguello contends that he was not

2    personally served with the papers left on his porch under Rule 4.  As a result, Mr. Arguello

3    argues that this Court does not have jurisdiction over him because he was not properly served.

4         The Court concluded that Defendant Arguello is not a proper defendant under Title VII

5    for Plaintiff's discrimination claims.  See Holly D., 339 F.3d at 1179 ("We have consistently

6    held that Title VII does not provide a cause of action for damages against supervisors or fellow

7    employees."); Miller, 991 F.2d at 587-88 ("[I]ndividual defendants cannot be held liable for

8    damages under Title VII.").  The Court also dismissed Plaintiff's claims for intentional and

9    negligent infliction of emotional distress for failure to state a claim for relief.  Iqbal, 129 S.Ct.

10   at 1950.  For these reasons, the Court dismissed Defendant Arguello from this action.  As a

11   result, the Court concludes that Defendant Arguello's service of process challenge is moot.

12                                         **Conclusion**

13        Based on the foregoing, the Court grants Defendants' motion to dismiss the first cause

14   of action for gender based discrimination without prejudice, and grants Defendants' motion

15   to dismiss the third cause of action for intentional infliction of emotional distress without

16   prejudice.  See Weilburg, 488 F.3d at 1205 ("Dismissal of a pro se complaint without leave

17   to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not

18   be cured by amendment.").

19        The Court grants Defendants' motion to dismiss the fourth cause of action for negligent

20   infliction of emotional distress with prejudice.  See Telesaurus, 623 F.3d at 1003 ("A district

21   court may deny a plaintiff leave to amend if it determines that allegation of other facts

22   consistent with the challenged pleading could not possibly cure the deficiency.") (internal

23   quotations omitted).  Plaintiff's claim for negligent infliction of emotional distress is

24   preempted by Nevada's workers' compensation statute.  Fanders, 245 P.3d at 1164 n. 3.

25   Therefore, Plaintiff cannot cure the deficiency in her negligence claim.  In addition, the Court

26   grants Defendants' motion to dismiss Defendants Brockovich, Garis, Louthan, Richards,

27   Springer, Arguello, and Hoffman from Plaintiff's Title VII claims with prejudice because

28   ///

1  individual defendants cannot be liable for Title VII claims.  See Holly D., 339 F.3d at 1179;

2  Miller, 991 F.2d at 587-88.

3       The Court grants Plaintiff thirty (30) days leave to file an amended complaint that

4  addresses the deficiencies noted in this Order concerning the claims dismissed without

5  prejudice.  Upon further motion by Plaintiff requesting an additional extension of time, and

6  upon a showing of good cause, the Court may grant Plaintiff an additional thirty (30) days to

7  file an amended complaint due to her upcoming procedure.

8       Defendant has not moved to dismiss Plaintiff's retaliation claim.  Therefore, Plaintiff's

9  retaliation claim remains pending against the District.  Because individual defendants cannot

10 be liable for Title VII claims, Plaintiff should re-plead her retaliation claim against the District

11 if she files an amended complaint.  See Holly D., 339 F.3d at 1179; Miller, 991 F.2d at 587-88.

12       **IT IS SO ORDERED.**

13 DATED: June 19, 2012

15       MARILYN L. HUFF. District Judge
         UNITED STATES DISTRICT COURT

- 15 -

11cv1619