**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CYNTHIA KAPPENMAN COHEN,<br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT,<br>Defendant. | CASE NO. 11-CV-1619-MLH-RJJ<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS;**<br><br>[Doc. No. 65]<br><br>**(2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE PORTIONS OF THE SAC; AND**<br><br>[Doc. No. 66]<br><br>**(3) DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S LATER FILED SAC**<br><br>[Doc. No. 74] |

On August 23, 2012, Plaintiff Cynthia Kappenman Cohen ("Plaintiff"), proceeding pro se, filed a second amended complaint ("SAC") alleging four causes of action against Defendant Clark County School District ("CCSD") for: (1) gender based discrimination and (2) retaliation in violation of Title VII of the Civil Rights Act, (3) intentional infliction of emotional distress, and (4) negligent infliction of emotional distress. (Doc. No. 61 at 60-67.) On August 30, 2012, Defendant CCSD filed a motion to dismiss Plaintiff's claims for gender

based discrimination and intentional/negligent infliction of emotional distress and a motion to strike portions of the SAC. (Doc. No. 65.) On September 5, 2012, Plaintiff filed a new second amended complaint. (Doc. No. 73.) On September 7, 2012, Defendant CCSD filed a motion to strike Plaintiff's new pleading. (Doc. No. 74.) On September 24, 2012, Plaintiff filed an opposition to CCSD's motions. (Doc. No. 94.) On September 28, 2012 and October 2, 2012, Defendant CCSD filed its replies in support of its motions. (Doc. Nos. 100, 102-03.)

The Court submits the motions on the parties' papers pursuant to Local Rule 78-2. For the following reasons, the Court denies CCSD's motion to strike Plaintiff's later filed SAC, grants in part and denies in part CCSD's motion to dismiss, and grants in part and denies in part CCSD's motion to strike portions of the SAC.

**Background**

Plaintiff is currently employed as a teacher by CCSD. (Doc. No. 73 at 7.) Plaintiff previously held an administrative position as a dean of students for CCSD. (Id. at 9.) Plaintiff asserts that she earned her administrative position in connection with a settlement agreement concerning two previous lawsuits that she filed against CCSD.[1] (Id. at 11-13.) Plaintiff contends that she was removed from her administrative position because CCSD employees discriminated against her based on her gender and retaliated against her for filing her two previous lawsuits. (Id. at 78-81.) Plaintiff also alleges that during her time as dean of students, she was subjected to verbal harassment from CCSD employees, including her supervisor. (Id. at 14-49.) In her SAC, Plaintiff brings four causes of action against CCSD for: (1) gender based discrimination and (2) retaliation in violation of Title VII of the Civil Rights Act, (3) intentional infliction of emotional distress, and (4) negligent infliction of emotional distress. (Id. at 78-85.)

CCSD seeks to dismiss Plaintiff's claims for gender based discrimination, intentional infliction of emotional distress, and negligent infliction of emotional distress for failure to state

---

[1] Plaintiff's two previous suits are Kappenman v. Clark County School District, Case No. 2:99-cv-1059-RLH-PAL (settled in 2003), and Kappenman v. Clark County School District, Case No. 2:07-cv-0890-RLH-PAL (settled in 2008). (Doc. No. 7 at 2.)

a claim. CCSD also seeks to strike certain portions of Plaintiff's SAC. Plaintiff opposes Defendants' motions.

**Discussion**

**I. CCSD's Motion to Strike Plaintiff's Later Filed Second Amended Complaint**

On September 5, 2012, after Plaintiff filed her SAC and CCSD filed its motion to dismiss, Plaintiff filed a new second amended complaint entitled "First Eratum to Second Amended Complaint." (Doc. No. 73.) Plaintiff explains that she filed this pleading to clear up errors with the original SAC. (Doc. No. 73 at 1.) The new pleading merely reorganizes Plaintiff's allegations and does not contain any substantive changes from the previously filed SAC. (Compare Doc. No. 73 with Doc. No. 61.) CCSD argues that the Court should strike this filing because Plaintiff was not granted leave to file an additional amended complaint. (Doc. No. 74.)

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its complaint as a matter of course only once. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff has already amended her complaint once as a matter of course without obtaining leave of court or the consent of the opposing parties when she filed her first amended complaint on January 19, 2012. (Doc. No. 7.) Therefore, Plaintiff should have filed a motion for leave to file an amended complaint prior to filing the new pleading. See Fed. R. Civ. P. 15(a). However, Rule 15(a)(2) instructs that "[t]he court should freely give leave when justice so requires." The Ninth Circuit has instructed that this policy is "'to be applied with extreme liberality.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). Therefore, the Court will construe the filing as if Plaintiff filed a motion for leave to file an amended complaint. However, the Court cautions Plaintiff that it will only liberally construe her filing this one time, and in the future, she must file a motion for leave to amend prior to filing any amended pleading.

"Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and

whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). The decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Pisciotta v. Teledyne Indus., 91 F.3d 1326, 1331 (9th Cir. 1996). After a careful analysis of the factors set forth in Johnson, the Court concludes that Plaintiff should be granted leave to file an amended complaint. See Johnson, 356 F.3d at 1077. There is no evidence of bad faith, undue delay, or prejudice to the opposing party. This case is still in its early stages, and the parties have only conducted preliminary discovery. The new pleading only reorganizes the allegations in the complaint and does not seek to make any substantive changes. In addition, the Court need not evaluate the futility of amendment because the Court decides Defendant's motion to dismiss this pleading below. Accordingly, the Court grants Plaintiff's motion for leave, denies CCSD's motion to strike the new pleading, and treats Document No. 73 as the operative second amended complaint ("SAC").

## II. CCSD'S Motion to Dismiss

### A. Legal Standard for a Motion to Dismiss

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The pleading must contain a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This requirement functions to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "All allegations of material fact are taken as true and construed in the light most favorable to plaintiffs. Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see Twombly, 550 U.S. at 555. "To survive a motion to dismiss,

a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009).

A pro se plaintiff is held to a less stringent pleading standard than represented parties. Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (citing Haines v. Kerner, 404 U.S. 519, 520-21). "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)). "A district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court may, however, consider the contents of documents specifically referred to and incorporated into the complaint. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002).

**B. Plaintiff's First Cause of Action for Gender Based Discrimination**

Plaintiff's first and fifth causes of action are for gender based discrimination under the hostile work environment protections of Title VII, 42 U.S.C. § 2000(e). (Doc. No. 73 at 78-80, 84-85.) CCSD argues that this cause of action should be dismissed because (1) Plaintiff failed to exhaust her available administrative remedies and (2) Plaintiff's claim fails as a matter of law. (Doc. No. 65 at 4-9.)

i. Analysis of Whether Administrative Remedies Were Exhausted

Before a plaintiff may bring a civil action under Title VII, the plaintiff must first exhaust her available administrative remedies by filing a timely discrimination charge with the Equal Employment Opportunity Commission ("EEOC") or the appropriate state agency. 42

U.S.C. § 2000e-5; Lyons v. England, 307 F.3d 1092, 1103 (9th Cir. 2002); B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002). A federal court may adjudicate claims not explicitly raised in the EEOC complaint if the claim is like or reasonably related to the allegations contained in the EEOC charge. B.K.B., 276 F.3d at 1100; Oubichon v. N. Am. Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973). To determine if an allegation is reasonably related "the court inquires whether the original EEOC investigation would have encompassed the additional charges." Green v. Los Angeles County Superintendent of Sch., 883 F.2d 1472, 1476 (9th Cir. 1989). The Ninth Circuit has instructed that "'the remedial purpose of Title VII and the paucity of legal training among those whom it is designed to protect require charges filed before the EEOC to be construed liberally.'" Id.; see also B.K.B., 276 F.3d at 1100 ("We construe the language of EEOC charges 'with utmost liberality since they are made by those unschooled in the technicalities of formal pleading.'").

CCSD argues that Plaintiff did not exhaust the available administrative remedies for her gender based discrimination claim before she filed this lawsuit. (Doc. No. 65 at 4-6.) In response, Plaintiff asserts that the initial and amended EEOC forms that she filed with the Nevada Equal Rights Commission ("NERC") satisfy the exhaustion requirement. (Doc. No. 10 at 15-19, EEOC Forms, Agency Charge Nos. 0923-09-0504L and 34B-2009-01548C.)[2]

The initial EEOC form, as filed on September 17, 2009, contains a single charge of discrimination based on retaliation; the box for alleging gender discrimination was not marked. (Doc. No. 10 at 15-16, EEOC Form 5, Agency Charge No. 0923-09-0504L.) Therefore, Plaintiff's claim for gender discrimination was not included in the original form. However, the EEOC form contains an allegation stating: "Since September 30, 2008 and continuing to the present, Rich Arguello, Principal, subjects me to a hostile work environment by harassing me." (Id.) Plaintiff's current claim of gender discrimination is based on allegations that she

[2] The Court may take judicial notice of the EEOC forms pursuant to Federal Rule of Evidence 201 because they are matters of public record and part of the administrative record. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) ("[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'"); Mack v. South Bay Beer Distribs., 798 F.2d 1279, 1282 (9th Cir. 1986) ("[A] court may take judicial notice of 'records and reports of administrative bodies.'").

was harassed by her supervisor, Mr. Arguello, and other CCSD employees starting around August 2008. (See Doc. No. 73 at 15-51.) The Court concludes, therefore, that this claim is reasonably related to the allegations in the EEOC form because although Plaintiff did not mark the box for gender discrimination on the form, the original EEOC investigation would have encompassed the additional claim based on the above allegations. See B.K.B., 276 F.3d at 1100 ("In determining whether a plaintiff has exhausted allegations that she did not specify in her administrative charge, it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred."); Green, 883 F.2d at 1476. Accordingly, the Court declines to dismiss Plaintiff's gender discrimination claim for failure to exhaust her administrative remedies.

ii.   Analysis of Plaintiff's Gender Based Discrimination Claim

Under Title VII, it is unlawful for an employer "to discriminate against any individual with respect to [their] compensation, terms, conditions, or privileges of employment, because of . . . sex." 42 U.S.C. § 2000e-2(a)(1). Pursuant to this provision, a plaintiff may establish a violation of Title VII by proving the alleged discrimination "created a hostile or abusive work environment." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 66 (1986). Harassment in the form of a hostile work environment constitutes sex discrimination. Id. at 64. To prevail on a hostile environment claim, a plaintiff must establish a "pattern of ongoing and persistent harassment severe enough to alter the conditions of employment." Draper v. Coeur Rochester, Inc., 147 F.3d 1104, 1108 (9th Cir. 1998) (citing Meritor, 477 U.S. at 66-67)). To satisfy this requirement, a plaintiff must show that the workplace was "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the [plaintiff] in fact did perceive to be so." Faragher v. City of Boca Raton, 524 U.S. 775, 787 (1998). In addition, the plaintiff must show that the harassment took place "because of sex." Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998). Although the harassment must be based on sex, "there is no legal requirement that hostile acts be overtly sex- or gender-specific in content, whether marked by language, by sex or gender stereotypes, or by

sexual overtures. While sex- or gender-specific content is one way to establish discriminatory harassment, it is not the only way: 'direct comparative evidence about how the alleged harasser treated members of both sexes' is always an available evidentiary route." EEOC v. Nat'l Educ. Ass'n, 422 F.3d 840, 844 (9th Cir. 2005).

CCSD argues that Plaintiff fails to state a claim for gender discrimination because profanity is generally not sufficient to support a claim for hostile work environment. (Doc. No. 65 at 8.) Plaintiff's SAC contains several allegations stating that her supervisor, Principal Arguello, verbally abused her several times over the course of a year and a half, frequently yelling and using profanity. (See, e.g., Doc. No. 73 at 15-16, 19-20, 27-28.) Plaintiff alleges that on one occasion Mr. Arguello was swearing and yelling at her so hard that the spit from his mouth was hitting her in the face and she feared that he might hit her. (Id. at 19-20.) Plaintiff's SAC also contains allegations that Plaintiff was referred to as a "f...ing stripper" by an assistant principal, and that Principal Arguello failed to take any action after she reported the comment to him. (Id. at 17.) Plaintiff alleges that Mr. Arguello's actions were demeaning and degrading and caused her to suffer severe anxiety that resulted in constant bouts of shingles, panic attacks, nausea and vomiting. (Id. at 16, 26, 42.) In deciding a motion to dismiss, the Court must take these allegations as true and construe them in the light most favorable to Plaintiff. Epstein, 83 F.3d at 1140. Viewing the above allegations in the light most favorable to Plaintiff, the Court concludes the allegations in the SAC are sufficient to show a workplace that was both objectively and subjectively offensive and are sufficient to state a claim for gender discrimination in violation of Title VII. See Faragher, 524 U.S. at 788. Although "'simple teasing,' offhand comments, and isolated incidents (unless extremely serious)" will not amount to a hostile work environment, id. (citations omitted),"a pattern of abuse in the workplace directed at women . . . can violate Title VII." Nat'l Educ. Ass'n, 422 F.3d at 845. Accordingly, the Court declines to dismiss Plaintiff's claim for gender

discrimination.[3]

**B. Plaintiff's Claim for Intentional Infliction of Emotional Distress**

CCSD moves to dismiss Plaintiff's claim for intentional infliction of emotional distress for failure to state a claim. (Doc. No. 65 at 9-10.) The Nevada Industrial Insurance Act ("NIIA") provides the exclusive remedy "for an employee on account of an injury by accident sustained arising out of and in the course of the employment." Nev. Rev. Stat. § 616A.020(1). The Nevada Supreme Court has "recognized that employers do not enjoy immunity, under the exclusive remedy provision of the workers' compensation statutes, from liability for their intentional torts." Conway v. Circus Circus Casinos, Inc., 116 Nev. 870, 875 (2000) (quoting Advanced Countertop Design v. Dist. Ct., 115 Nev. 268, 270 (1999)). "Simply labeling an employer's conduct as intentional . . . will not subject the employer to liability outside of workers' compensation." Id. An employee must plead facts that establish the employer's deliberate intent to bring about an injury to the employee in order to state an intentional tort claim. Fanders v. Riverside Resort & Casino, Inc., 245 P.3d 1159, 1163 (Nev. 2010); Conway, 116 Nev. at 875 ("A bare allegation is not enough. An employee must provide facts in his or her complaint which show the deliberate intent to bring about the injury.").

A claim for intentional infliction of emotional distress requires a showing of: (1) extreme and outrageous conduct by the defendant with the intention of, or reckless disregard for, causing emotional distress, (2) that plaintiff actually suffered severe or extreme emotional distress, and (3) actual or proximate cause. Barmettler v. Reno Air, Inc., 114 Nev. 441, 447 (1998). Extreme and outrageous conduct is action that is "outside all possible bounds of decency" and is regarded as "utterly intolerable in a civilized community." Maduike v. Agency Rent-A-Car, 114 Nev. 1, 4 (1998). Under Nevada law, "[t]he Court determines whether the defendant's conduct may be regarded as extreme and outrageous so as to permit recovery, but, where reasonable people may differ, the jury determines whether the conduct

---

[3] Although the Court declines to dismiss Plaintiff's claim for gender discrimination based on the allegations in the SAC, the Court notes that Defendant is free to challenge this claim on summary judgment.

was extreme and outrageous enough to result in liability." Refai v. Lazaro, 614 F. Supp. 2d 1103, 1121 (D. Nev. 2009).

CCSD argues that the allegations in the complaint are insufficient to satisfy the "extreme and outrageous conduct" element of a claim for intentional infliction of emotional distress. (Doc. No. 65 at 10.) Plaintiff's SAC contains several allegations stating that her supervisor verbally reprimanded her several times over the course of a year and a half, frequently yelling and using profanity. (See, e.g., Doc. No. 73 at 15-16, 19-20, 27-28.) Plaintiff alleges that on one occasion her supervisor was swearing and yelling at her so hard that the spit from his mouth was hitting her in the face and she feared he might hit her. (Id. at 19-20.) These allegations are sufficient to state a claim for intentional infliction of emotional distress. See Branda v. Sanford, 97 Nev. 643, 648-49 (1981) (finding plaintiff stated a claim for intentional infliction of emotional distress where the plaintiff alleged that the defendant screamed profanities at her); McGrath v. Nev. Dep't of Pub. Safety, 2008 U.S. Dist. LEXIS 38814, at *11 (D. Nev. Apr. 30, 2008) (finding plaintiff stated a claim for intentional infliction of emotional distress where the plaintiff alleged that she was subjected to repeated verbal abuse by her supervisor). Accordingly, the Court declines to dismiss Plaintiff's claim for intentional infliction of emotional distress.

**C. Plaintiff's Claim for Negligent Infliction of Emotional Distress**

Plaintiff's SAC contains a claim for negligent infliction of emotional distress. (Doc. No. 73 at 83.) The Court previously dismissed this claim with prejudice. (Doc. No. 47 at 10-11 .) Therefore, this claim should not have been included in the SAC. In addition, this claim should dismissed for the reasons stated in the Court's prior order. See Fanders, 245 P.3d at 1164 n. 3 (explaining that negligence based claims arising in the course of employment are preempted by Nevada's workers compensation statutes). Accordingly, the Court again dismisses this claim with prejudice.

///

///

///

**III.     Motion to Strike Portions of the Second Amended Complaint**

CCSD argues that the Court should strike portions of the SAC because it contains allegations that are redundant, immaterial, and impertinent. (Doc. No. 65 at 11-12.) Federal Rule of Civil Procedure 12(f) authorizes the court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."

> "Redundant matter" is that which "consists of allegations that constitute a needless repetition of other averments." Matter which is "immaterial" is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." "'Impertinent' matter consists of statements that do not pertain, and are not necessary to the issues in question."

Germaine Music v. Universal Songs of Polygram, 275 F. Supp. 2d 1288, 1299-1300 (D. Nev. 2003). Motions to strike are disfavored and should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. Id. at 1300; Colaprico v. Sun Microsystems, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). "'[A]llegations supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant.'" Lee v. Enter. Leasing Company-West, 2012 U.S. Dist. LEXIS 129026, at *16-17 (D. Nev. Sept. 10, 2012) (quoting LeDuc v. Kentucky Cent. Life Ins. Co., 814 F. Supp. 820, 830 (N.D. Cal. 1992)).

Plaintiff's SAC seeks punitive damages against CCSD for Plaintiff's claims. (Doc. No. 73 at 80-82, 85-86.) CCSD argues that these allegations should be stricken because punitive damages are not available for Plaintiff's claims. (Doc. No. 65 at 13.) Plaintiff alleges that CCSD is a political subdivision of the State of Nevada. (Doc. No. 73 at 7-8.) See also Nev. Rev. Stat. § 386.010(2); Harris Assocs. v. Clark County Sch. Dist., 119 Nev. 638, 645 (2003) (stating that the CCSD is a political subdivision of the state). Title VII expressly prohibits a plaintiff from recovering punitive damages from "a government, government agency or political subdivision." 42 U.S.C. § 1981a(b)(1); see Hines v. Cal. PUC, 2010 U.S. Dist. LEXIS 118785, at *24 (N.D. Cal. Nov. 8, 2010) ("It is well established that punitive damages may not be assessed against a public entity under Title VII."). In addition, Nevada state law precludes the recovery of punitive damages in a tort action against a political subdivision of the state. Nev. Rev. Stat. § 41.035(1); see Ransdell v. Clark County, 124 Nev. 847, 858 n.32

(2008). Therefore, Plaintiff is barred from seeking punitive damages against CCSD based on the claims in her SAC. Accordingly, the Court strikes from the SAC Plaintiff's allegations seeking punitive damages.

CCSD also argues that Plaintiff's fifth cause of action for gender discrimination in violation of Title VII should be stricken because it is redundant of Plaintiff's first cause of action, which is also for gender discrimination in violation of Title VII. (Doc. No. 65 at 12-13.) The Court agrees that Plaintiff's fifth cause of action is redundant of her first cause of action as they are both claims for gender discrimination in violation of Title VII. (Doc. No. 73 at 78-80, 84-85.) Accordingly, the Court dismisses Plaintiff's fifth cause of action for gender discrimination in violation of Title VII as inherently duplicative of Plaintiff's first cause of action. See, e.g., Rutledge v. County of Sonoma, 2008 U.S. Dist. LEXIS 51313, at *12-14 (N.D. Cal. Jul. 1, 2008) (dismissing claims that were inherently duplicative of other claims in the plaintiff's complaint).

As for the remainder of Plaintiff's SAC, the Court declines to strike the portions of the complaint requested by CCSD. These allegations supply background to Plaintiff's claims and other matters of an evidentiary nature. (See Doc. No. 73.) Therefore, these allegations should not be stricken absent a showing of undue prejudice. See Lee, 2012 U.S. Dist. LEXIS 129026, at *16-17. CCSD has failed to show it would be unduly prejudicial for these allegations to remain in the SAC. Moreover, a pro se plaintiff is held to a less stringent pleading standard than represented parties. Jackson, 353 F.3d at 757. Accordingly, the Court denies the remainder of CCSD's motion to strike portions of the SAC.

///

///

///

///

///

///

///

**Conclusion**

Based on the foregoing, the Court:

1. denies CCSD's motion to strike Plaintiff's later filed second amended complaint;
2. grants in part and denies in part CCSD's motion to dismiss Plaintiff's second amended complaint–specifically, the Court dismisses Plaintiff's claim for negligent infliction of emotional distress with prejudice; and
3. grants in part and denies in part CCSD's motion to strike portions of Plaintiff's second amended complaint–specifically the Court strikes the allegations in the second amended complaint seeking punitive damages and dismisses Plaintiff's fifth cause of action for gender discrimination in violation of Title VII.

Plaintiffs claims for retaliation, gender based discrimination, and intentional infliction of emotional distress against CCSD remain pending. The Court orders CCSD to file its answer to the SAC withing thirty (30) days from the date of this Order.

**IT IS SO ORDERED.**

DATED: October 5, 2012

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT