# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CYNTHIA KAPPENMAN COHEN,<br><br>          Plaintiff,<br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT,<br><br>          Defendant. | CASE NO. 11-CV-1619-MLH-RJJ<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 107] |

On October 12, 2012, Defendant Clark County School District ("CCSD") filed a motion for reconsideration of the Court's October 5, 2012 Order. (Doc. No. 107.) On October 25, 2012, Plaintiff filed her response in opposition to CCSD's motion. (Doc. No. 114.) On November 6, 2012, CCSD filed its reply in support of the motion. (Doc. No. 117.) The Court submits the motion on the parties' papers pursuant to Local Rule 78-2. For the following reasons, the Court denies CCSD's motion for reconsideration.

## Background

Plaintiff is currently employed as a teacher by CCSD. (Doc. No. 73 at 7.) Plaintiff previously held an administrative position as a dean of students for CCSD. (Id. at 9.) Plaintiff asserts that she earned her administrative position in connection with a settlement

agreement concerning two previous lawsuits that she filed against CCSD.[1]  (Id. at 11-13.) Plaintiff contends that she was removed from her administrative position because CCSD employees discriminated against her based on her gender and retaliated against her for filing her two previous lawsuits. (Id. at 78-81.) Plaintiff also alleges that during her time as dean of students, she was subjected to verbal harassment from CCSD employees, including her supervisor. (Id. at 14-49.)

On October 6, 2011, Plaintiff filed a complaint against several Defendants, including CCSD. (Doc. No. 1.) On January 19, 2012, Plaintiff filed a first amended complaint ("FAC") against the Defendants, alleging four causes of action for: (1) gender based discrimination and (2) retaliation in violation of Title VII of the Civil Rights Act, (3) intentional infliction of emotional distress, and (4) negligent infliction of emotional distress. (Doc. No. 7.) On June 19, 2012, the Court granted the Defendants' motions to dismiss Plaintiff's FAC and granted Plaintiff leave to file a second amended complaint. (Doc. No. 47.) With respect to Plaintiff's first cause of action for gender based discrimination, the Court dismissed that cause of action without prejudice for failure to state a claim and for failure to exhaust her administrative remedies. (Id. at 4-8.)

On September 5, 2012, Plaintiff filed her second amended complaint ("SAC") against Defendant CCSD, alleging the same four causes of action as the FAC. (Doc. No. 73.) On October 5, 2012, the Court granted in part and denied in part CCSD's motion to dismiss the SAC. (Doc. No. 106.) With respect to Plaintiff's first cause of action for gender based discrimination, the Court declined to dismiss that cause of action for failure to state a claim or for failure to exhaust her administrative remedies. (Id. at 5-9.) By the present motion, CCSD moves for reconsideration of the Court's October 5, 2012 Order. (Doc. No. 107.) Specifically, CCSD moves for reconsideration of the Court's ruling that Plaintiff had exhausted her administrative remedies with respect to her cause of action for gender based discrimination.

---

[1] Plaintiff's two previous suits are Kappenman v. Clark County School District, Case No. 2:99-cv-1059-RLH-PAL (settled in 2003), and Kappenman v. Clark County School District, Case No. 2:07-cv-0890-RLH-PAL (settled in 2008). (Doc. No. 7 at 2.)

(Id. at 2.)

**Discussion**

**I.     Legal Standards for Motion for Reconsideration**

A district court has inherent jurisdiction to modify, alter, or revoke a prior order. United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000). Reconsideration of a prior order "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). The Ninth Circuit has also instructed that "[t]here may also be other, highly unusual, circumstances warranting reconsideration." Id. Reconsideration of a prior order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources. Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). "[M]ere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief." SLPR, LLC v. San Diego Unified Port Dist., 2010 U.S. Dist. LEXIS 55904, at *3 (S.D. Cal. Jun. 8, 2010); see Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). Denial of a motion for reconsideration is reviewed under the abuse of discretion standard. Sch. Dist. No. 1J, 5 F.3d at 1262.

**II.    Analysis**

CCSD moves for reconsideration of the Court's October 5, 2012 Order. (Doc. No. 107.) Specifically, CCSD argues that the Court committed clear error because the October 5, 2012 Order conflicts with the Court's earlier June 19, 2012 Order, which ruled that Plaintiff had failed to exhaust her administrative remedies with respect to her claim for gender based discrimination. (Doc. No. 107 at 2.)

Before a plaintiff may bring a civil action under Title VII, the plaintiff must first exhaust her available administrative remedies by filing a timely discrimination charge with the Equal Employment Opportunity Commission ("EEOC") or the appropriate state agency. 42 U.S.C. § 2000e-5; Lyons v. England, 307 F.3d 1092, 1103 (9th Cir. 2002); B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002). A federal court may adjudicate claims not

1  explicitly raised in the EEOC complaint if the claim is like or reasonably related to the
2  allegations contained in the EEOC charge. B.K.B., 276 F.3d at 1100; Oubichon v. N. Am.
3  Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973). To determine if an allegation is reasonably
4  related "the court inquires whether the original EEOC investigation would have encompassed
5  the additional charges." Green v. Los Angeles County Superintendent of Sch., 883 F.2d 1472,
6  1476 (9th Cir. 1989). The Ninth Circuit has instructed that "'the remedial purpose of Title VII
7  and the paucity of legal training among those whom it is designed to protect require charges
8  filed before the EEOC to be construed liberally.'" Id.; see also B.K.B., 276 F.3d at 1100 ("We
9  construe the language of EEOC charges 'with utmost liberality since they are made by those
10 unschooled in the technicalities of formal pleading.'").

11      CCSD's argument that the Court committed clear error fails to recognize the differences
12 between the factual allegations contained in Plaintiff's FAC and the factual allegations
13 contained in Plaintiff's SAC. In Plaintiff's FAC, Plaintiff failed to allege any facts in support
14 of her claim for gender based discrimination; indeed, the Court dismissed that cause of action
15 for failure to state a claim for this particular reason. (Doc. No. 47 at 5.) In dismissing the
16 cause of action for failure to exhaust her administrative remedies, the Court explained that the
17 EEOC form did not contain a claim for gender discrimination, and, based on the facts in the
18 FAC, it did not appear that her claim of gender based discrimination was reasonably related
19 to the claims in the EEOC forms. (Id. at 6-8.) However, the Court granted Plaintiff leave to
20 file a SAC and instructed Plaintiff that the SAC should contain factual allegations sufficient
21 to establish that her gender based discrimination claim was either administratively exhausted
22 or reasonably related to the claims in the EEOC forms. (Id. at 8.)

23      In contrast to Plaintiff's FAC, Plaintiff's SAC contained several pages of new
24 allegations detailing the factual basis for her claim of gender based discrimination. (Compare
25 Doc. No. 7 with Doc. No. 73.) These new allegations showed that Plaintiff's claim of gender
26 discrimination is based on allegations that she was harassed by her supervisor, Mr. Arguello,
27 and other CCSD employees starting around August 2008. (See Doc. No. 73 at 15-51.)
28 Plaintiff's initial EEOC form, filed on September 17, 2009, contained the following

1 allegations: "Since September 30, 2008 and continuing to the present, Rich Arguello, Principal, subjects me to a hostile work environment by harassing me." (Doc. No. 10 at 15-16, EEOC Form 5, Agency Charge No. 0923-09-0504L.) Based on these new allegations in the SAC explaining the basis for her claim of gender discrimination, the Court properly concluded that Plaintiff's claim was reasonably related to the allegations in the EEOC form because the original EEOC investigation would have encompassed the additional claim based on the above allegations. See B.K.B., 276 F.3d at 1100 ("In determining whether a plaintiff has exhausted allegations that she did not specify in her administrative charge, it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred."); Green, 883 F.2d at 1476. In its motion for reconsideration, CCSD continues to argue that Plaintiff did not exhaust her administrative remedies because gender based discrimination was never mentioned in the EEOC forms. (Doc. No. 107 at 5-8.) However, the Ninth Circuit has explained that even if the EEOC charge does not contain the relevant legal theory of a particular claim, the claim is still exhausted if the charge "contain[s] the relevant factual allegations." Vasquez v. County of Los Angeles, 349 F.3d 634, 645 (9th Cir. 2003). Here, Plaintiff's gender based discrimination claim is based on the same factual allegations that were contained in the EEOC charge–that she was harassed by her supervisor Mr. Arguello and subjected to a hostile work environment starting around September 2008. Therefore, the Court did not commit clear error when it ruled that Plaintiff exhausted her claim for gender based discrimination, and the Court's October 5, 2012 Order is not inconsistent with the Court's June 19, 2012 Order.

In its motion, CCSD disagrees with the Court's interpretation of the "reasonably related" standard under Ninth Circuit precedent. (Doc. No. 107 at 4-8; Doc. No. 117 at 4-5.) However, mere dissatisfaction with the Court's October 5, 2012 Order or belief that the court is wrong in its decision are not adequate grounds for reconsideration of a prior order. See Twentieth Century-Fox, 637 F.2d at 1341; SLPR, 2010 U.S. Dist. LEXIS 55904, at *3. Accordingly, the Court denies CCSD's motion for reconsideration.

## Conclusion

Based on the foregoing, the Court **DENIES** CCSD's motion for reconsideration of the Court's October 5, 2012 Order.

**IT IS SO ORDERED.**

DATED: November 8, 2012

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT